■ In the Matter of THOMAS J. CARVILLE, Petitioner, against BOARD OF EDUCATION OF UTICA CITY SCHOOL DISTRICT et al., Respondents.— Determination unanimously modified on the law and in the exercise of discretion, and the petitioner reinstated in the position of head custodian of the Utica Free Academy as of the date of this order, with $50 costs and disbursements to the petitioner. Memorandum: We find that there was no substantial evidence to support the conclusion of the Board of Education that the petitioner was "not competent" to hold the position of head custodian of the Utica Free Academy. The petitioner's general competence had been established by his rendition of satisfactory service during the period of his provisional appointment and by his passing a civil service examination for the position prior to his permanent appointment. While there was some proof of specific instances of inefficient or negligent conduct, the proof did not, in our opinion, rise to the level of establishing general incompetence. The specific instances of inefficiency or neglect did not, in our opinion, justify the measure of discipline or punishment imposed by the board. The demotion of the petitioner and the resulting loss of salary during the period which has elapsed since the petitioner's suspension seem to us to be an adequate measure of discipline for any deficiencies in past performance. The permanent demotion imposed by the board was, in our opinion, disproportionate to the offense and constituted an abuse of discretion (see Civ. Prac. Act, § 1296, subd. 5-a; *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37). The determination should be modified accordingly and the petitioner should be reinstated in the position of head custodian of the Utica Free Academy as of the date of the order to be entered herein. We note that, while the hearings were concluded on November 10, 1958, the decision of the Board of Education, which was made by a vote of 4 to 2, was not handed down until

June 5, 1959. No explanation has been offered of the long period of delay (cf. Civil Service Law, § 75, subd. 3). In view of our decision, no action need be taken with respect to this matter in the present case but we direct attention to the importance of a speedy determination of charges against an employee under the Civil Service Law. (Review of a determination by the Board of Education of Utica demoting petitioner from his position as head custodian of Utica Free Academy, which proceeding was transferred to the Appellate Division for determination by order of Oneida Special Term. Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.